UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re:

GREGORY PETERSON and
MARY PETERSON,

                     Debtor.
_____/

Case No. 04-24472

Chapter 13
Hon. Walter Shapero

## OPINION GRANTING MOTION TO ALLOW CLAIM OF
## WELLS FARGO FINANCIAL LEASING, INC.

Chapter 13 Trustee Thomas McDonald ("Trustee"), objects to the Motion by Wells Fargo Financial Leasing, Inc. ("Wells Fargo") to allow its claim. For the reasons stated here, Wells Fargo's Motion to allow its late-filed claim is granted.

### Facts

The facts in this case are not disputed. Debtors filed this Chapter 13 bankruptcy case on November 12, 2004. Debtors' Schedule D lists "Wells Fargo Financial Bank" with an address in Sioux Falls, South Dakota, as its mailing address. Debtors' proposed plan listed "Wells Fargo Financial" as a secured creditor, whose collateral, a 1999 Kenworth, with a value of $30,000 and a secured claim of $45,000, was to be surrendered. The claims bar date was set as March 9, 2005. Debtors' Chapter 13 Plan was confirmed on March 25, 2005. Wells Fargo filed its claim on August 24, 2005, 168 days past the bar date, as an unsecured deficiency claim on an equipment lease in the amount of $19,205.45. The Trustee objected to Wells Fargo's claim as untimely and seeks its disallowance. Wells Fargo contends it did not receive notice of the bankruptcy until approximately

August 17, 2005, and filed its proof of claim shortly thereafter on August 24, 2005, and supports such an assertion with an affidavit. The Claim is filed by "Wells Fargo Financial Leasing, Inc., f/k/a Telmark, LLC," and the attachments (the lease and the Application for Title and Title) make no mention of an entity by the name "Wells Fargo Financial Bank." Rather, the entity named is "Telmark, LLC" and "successor in interest" "Wells Fargo Financial Leasing LLC," with an address in Syracuse, New York. Wells Fargo's affidavit is signed by a representative of Wells Fargo, Renee C. Woods, who is "the individual assigned to the lease account of Gregory C. Peterson."

The affidavit states that "Wells Fargo's principal business office is located in New York," and that "Wells Fargo is a separate entity from Wells Fargo Financial Bank." The affiant also attests that neither she, nor any "other employees or representatives of Wells Fargo had actual knowledge of the filing of the case in time to file a timely Proof of Claim." The Trustee has not rebutted this assertion, and further does not contest the fact that the address listed on the matrix for Wells Fargo is for a "Wells Fargo Financial Bank," with a South Dakota address. Nor does the Trustee dispute the assertion made in the affidavit that the actual address for Wells Fargo is at an address in New York. The Trustee does, however, dispute that the notice given was insufficient, arguing that notice was sufficient in this case because even though Wells Fargo and "Wells Fargo Financial Bank" may be separate entities, they may still be commonly owned and still be part of a "Wells Fargo Conglomerate."

Debtors' schedules and plan recognize Wells Fargo as a creditor holding an unsecured deficiency claim, listing that claim as $15,000. Debtors' plan proposed that Debtors will surrender the collateral, and that the deficiency would be paid through the plan, the plan accounting for payment of the unsecured deficiency claim. Neither Debtors, nor their counsel appeared at the hearing, but Wells

Fargo's counsel represented that he had spoken with Debtors' counsel, and Debtors did not oppose Wells Fargo's motion.

Analysis

Bankruptcy Rule 3002(c) provides that "[i]n a . . . chapter 13 individual's debt adjustment case, . . . a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code . . . ."

This is a chapter 13 case. Tardily-filed claims should be, and are, treated differently in chapter 7 and chapter 13 cases, the courts indicating that meeting rule-imposed deadlines are more important in the latter. *See IRS v. Chavis* (*In re Chavis*), 47 F.3d 818, 824 (6th Cir. 1995).

Wells Fargo initially bases its motion on Rule 9006(b)(1), which allows enlargements of time after the fact "when the failure to act was the result of excusable neglect." However, Wells Fargo's reliance on this Rule is flawed because it fails to take into account subsection (b)(3), which limits enlargement of time "to the extent and under the conditions stated in" several listed Rules. Rule 3002(c), directly applicable here, is among that list; thus, it provides no basis for relief to Wells Fargo.

This is not to say, however, that Wells Fargo has not presented an appropriate argument under Rule 9024, incorporating Fed. R. Civ. P. 60(b), for relief in this case. Specifically, Rule 60(b)(1) provides that relief from an order, judgment or proceeding may be granted for: "mistake, inadvertence, surprise, or excusable neglect." The standard for "excusable neglect" was articulated by the United States Supreme Court in <u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership</u>, 507 U.S. 380, 398, 113 S. Ct. 1489, 1499, 123 L.Ed.2d 74 (1993), which held that it is an equitable determination, "taking account of all relevant circumstances surrounding the party's omission." The

3

Pioneer Court specifically articulated the following factors to be among those relevant in this determination: 1) danger of prejudice to the debtor; 2) the length of delay and the potential impact on judicial proceedings; 3) the reason for the delay, including whether it was within the reasonable control to the movant; and 4) whether the movant acted in good faith. Pioneer, 507 U.S. at 395.

The Court concludes that the "excusable neglect" factors overwhelmingly favor Wells Fargo, the only factor working against it being the "delay and the potential impact on judicial proceedings." The reason for the delay, the good faith of Wells Fargo, and the lack of prejudice to Debtors all weigh in favor of Wells' Fargo's position.

Furthermore, Wells Fargo argues that the Due Process Clause requires a conclusion it did not receive sufficient notice of the bankruptcy filing. In *Mullane v. Central Hanover Bank & Co.*, 339 U.S. 306, 314 (1950), the United States Supreme Court defined the notice requirements of due process:

> An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.

Under the circumstances of this case, the Court agrees with Wells Fargo. The Trustee has not rebutted Wells Fargo's affidavit stating that "Wells Faro Financial Bank" is a separate entity from Wells Fargo and that the South Dakota address is not, and has never been, its correct address. Rather, the Trustee's position is that notice was sufficient in this case because even though Wells Fargo and "Wells Fargo Financial Bank" may be separate entities, they may still be commonly owned and still be part of a "Wells Fargo Conglomerate." The Court concludes that this assertion, without more, does not amount

4

04-24472-dob    Doc 29    Filed 07/06/06    Entered 07/06/06 16:33:47    Page 4 of 5

to notice "reasonably calculated" under the circumstances to have alerted Wells Fargo to the bankruptcy filing. If the Court were to find due process of notice of the bankruptcy filing under these facts, such would promote imprecise and haphazard preparation of bankruptcy schedules and matrices, with the end result being disallowance of claims due to no fault of the creditor. The individual existence and subsidiary or other related status of entities and names of entities within a "conglomerate" is ascertainable, albeit with a certain amount of prior and thorough investigation. To consider due process to have been satisfied in this case requires a much greater factual showing than exists in this record.

## Conclusion

For the reasons stated in the Court's opinion, Wells Fargo's Motion to allow its late-filed claim is granted. An appropriate order will enter.

**Entered: July 06, 2006**

                                        **/s/ Walter Shapero**
                                **Walter Shapero**
                                **United States Bankruptcy Judge**